IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES *ex rel*. BENJAMIN CARTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  1:11cv602 (JCC/JFA) ) |
| HALLIBURTON CO., *et al.*, | ) ) ) |
| Defendants. | ) |

## **M E M O R A N D U M   O P I N I O N**

      This matter is before the Court on a series of motions to seal filed by Defendants Halliburton Company, KBR, Inc. ("KBR"), Kellogg Brown & Root Services, Inc. ("KBRSI"), and Service Employees International, Inc.'s ("SEII") (collectively, "Defendants") [Dkts. 13, 25, 33] and Relator Benjamin Carter ("Relator" or "Carter") [Dkts. 18, 28, 36].  For the following reasons, the Court will (1) grant in part and deny in part Defendants' Motion to Seal Memorandum in Support of Defendants' Motion to Dismiss; (2) grant in part and deny in part Relator's Motion to Seal Portions of the Opposition to Defendants' Motion to Dismiss; (3) grant in part and deny in part Defendants' Motion to Seal Reply Memorandum in Support of Defendants' Motion to Dismiss; (4) deny Relator's Motion to Seal his Motion for Leave to File Sur-reply; (5) deny Defendants' Motion to Seal

1

Defendants' Response to Relator's Motion for Leave to File Sur-reply; and (6) deny Relator's Motion to Seal his Reply Memorandum in Support of his Motion for Leave to File Sur-reply.

## I. Background

The instant matter is substantively identical to two earlier cases Carter filed in this Court, 1:08cv1162 ("Carter 2008"), which the Court dismissed in May of 2010, and 1:10cv864 (Carter 2010), which the Court dismissed in May of 2011. The procedural history is more fully set forth in this Court's Memorandum Opinion regarding Defendants' Motion to Dismiss.

In Carter 2008, the parties agreed to a stipulated protective order regarding the disclosure of confidential information (the "Protective Order"), which was entered by Magistrate Judge Anderson on October 23, 2009. (1:08cv1162 [Dkt. 149].) The Court notes that though this is informative, this case is *not* Carter 2008, and a review of the docket in *this* case shows there is not yet an entered protective order.

In Carter 2010, Carter moved to seal the unredacted copy of his Opposition to Defendant's Motion to Dismiss, and Exhibits C through J thereto. (1:10cv864 [Dkt. 37].) Carter asserted that his Opposition "reference[d] material designated as 'Confidential' pursuant to the parties' October 23, 2009 Protective Order in [Carter 2008]." (*Id.* at 1.) The Court granted the motion to seal as to Exhibit J, a report of an

internal KBR Employee Relations investigation, and the portions of the Opposition in reference thereto, after finding that the public's interest in access was outweighed by Defendants' interest in preserving confidentiality.  *United States ex rel. Carter v. Halliburton Co.*, No. 1:10cv864, 2011 WL 2077799, at *3 (E.D. Va. May 24, 2011).  The Court denied Carter's other sealing requests, as to which Carter failed to make the required showing.  *Id.* at *3-4.

In the instant matter, both parties have moved to seal various documents filed in connection with Defendant's Motion to Dismiss [Dkt. 11] and Carter's Motion for Leave to File Sur-reply [Dkt. 32].  Specifically, Defendants have filed motions to seal the Memorandum in Support of Defendants' Motion to Dismiss [Dkt. 13], the Reply Memorandum in Support of Defendants' Motion to Dismiss [Dkt. 25], and their Response to Relator's Motion for Leave to File Sur-reply [Dkt. 33].  Carter has in turn filed motions to seal portions of his Opposition to Defendants' Motion to Dismiss [Dkt. 18], his Motion for Leave to File Sur-reply [Dkt. 28], and his Reply Memorandum in Support of his Motion for Leave to File Sur-reply [Dkt. 36].  In Carter's motion to seal portions of his Opposition to Defendants' Motion to Dismiss, Carter proposes that a partially redacted version of his brief be filed in the public docket.  Carter opposes Defendants' motion to seal the Memorandum in Support of Defendants' Motion

to Dismiss on the grounds that much of the material at issue is a matter of public record, and that limited redactions would be sufficient.  [Dkt. 20.]  On November 7, 2011, the Court granted Defendants' motion to seal the Memorandum in Support of their Motion to Dismiss.  [Dkt. 24.]  Based on this Order, Defendants oppose Carter's proposed filing of a partially redacted version of his Opposition to Defendants' Motion to Dismiss.  [Dkt. 31.]  Defendants' and Relator's motions to seal are before the Court.

## II.  Standard of Review

The common law presumes a right to inspect and copy judicial records and documents.  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion.  *Id*. (citations omitted).  Where the First Amendment guarantees access, however, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.  *Id*. (citations omitted).

The common law presumption in favor of access attaches to all judicial records and documents, whereas the First Amendment guarantee of access has been extended only to particular judicial records and documents, such as documents

filed in connection with a summary judgment motion in a civil case and documents filed in connection with plea hearings and sentencing hearings in criminal case. *Id.* at 180-81 (internal quotation marks and citations omitted).

As to whether the common law presumption or the more-stringent First Amendment guarantee applies in the motion to dismiss context, this Court has previously applied the *common law presumption* of access to documents relevant to its consideration of a motion to dismiss. *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 1248114, at *8-9 (E.D. Va. Apr. 30, 2009). The Fourth Circuit, in an unpublished decision, has addressed this issue, stating that "the First Amendment guarantee of access should not be extended to documents filed in connection with a motion to dismiss." *In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 1995 WL 541623, at *3 (4th Cir. Sept. 13, 1995). Judge O'Grady has recently addressed this issue, and stated that the "First Amendment right of access . . . may not apply to documents filed with a motion to dismiss. This distinction is logical." *Am. Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 661 (E.D. Va. 2009) (citing *In re Policy Mgmt. Sys. Corp*, 1995 WL 541623, at *3), *aff'd*, --- F. 3d ----, 2011 WL 1108252 (4th Cir. Mar. 28, 2011).

Under well-established Fourth Circuit precedent, a district court has the authority to seal court documents only

"if the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks omitted).  Before granting a motion to seal any court document, a district court must follow a three-step process: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.  *Id*.

Additionally, Local Rule 5(C) requires a party moving to seal to provide: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary, and why another procedure will not suffice; (3) references to governing case law; and (4) a statement as to the period of time[1] the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.  Local Rule 5(C).  Local Rule 5(C) also provides that the party moving to seal shall provide a proposed order, and "[t]he proposed order shall recite the findings required by governing case law to support the proposed sealing."

---

[1] As the parties did not specify a time period for sealing, the Court presumes that they seek a permanent seal.

6

### III. Analysis

Defendants and Carter move to seal the briefs (or portions thereof) filed in connection with Defendants' Motion to Dismiss. Defendants' motion to seal the Memorandum in Support of Defendants' Motion to Dismiss is based on the fact that their brief contains discussion of filings placed under seal by another court (the "Under Seal Action"). The Court granted this motion on November 7, 2011.

Upon reconsideration of Defendants' motion to seal their Memorandum in Support of Defendants' Motion to Dismiss, the Court finds that the motion should be granted only in part. Because Defendants' discussion of the Under Seal Action is confined to certain portions of their brief, there is a less drastic remedy than sealing the brief *in toto*. *See Ashcraft*, 218 F.3d at 302. The confidentiality of the Under Seal Action may be preserved by redacting any and all references made thereto. The remainder of the brief concerns matters of public record, which are of interest to the general public and fail to meet the *Ashcraft* standard. Indeed, Defendants point to no reason, aside from the references to the Under Seal Action, why their brief should be sealed.

Consistent with Carter 2008, the Court finds that the *Ashcraft* standard is satisfied with respect to the portions of the brief that reference the Under Seal Action. First,

Defendants provided public notice of the request to seal that allowed interested parties a reasonable opportunity to object. (Mot. to Seal filed Oct. 21, 2010 [Dkt. 13].)  Moreover, the public's interest in access is outweighed by competing interests.  The Under Seal Action is currently sealed pursuant to 31 U.S.C. § 3730(b).  This statute requires relators to file *qui tam* complaints *in camera*, where they remain under seal for at least 60 days, during which time the Government may elect to intervene and proceed with the action.  31 U.S.C. § 3730(b)(2).  As the Fourth Circuit recently noted, Congress adopted 31 U.S.C. § 3730(b) for numerous reasons:

> 1) to permit the United States to determine whether it already was investigating the fraud allegations (either criminally or civilly);
>
> (2) to permit the United States to investigate the allegations to decide whether to intervene;
>
> (3) to prevent an alleged fraudster from being tipped off about an investigation; and,
>
> (4) to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene.

*Am. Civil Liberties Union v. Holder*, --- F.3d ----, 2011 WL 1108252, at *4 (4th Cir. Mar. 28, 2011) (citations omitted). These competing interests weigh against the public interest in disclosure, and warrant redaction of those portions of the brief

that reference the Under Seal Action. *See id.* at *6-9 (rejecting argument that 31 U.S.C. § 3730(b)-(c) facially violated the First Amendment).

In sum, the Court's November 7, 2011 order granting Defendants' motion to seal shall be amended. The motion is granted only as to those portions of the Memorandum in Support of Defendants' Motion to Dismiss that reference the Under Seal Action -- most notably Exhibit 3, which shall be excised in its entirety. Defendants shall file a partially redacted version of the Memorandum in Support of Defendants' Motion to Dismiss in the public docket, redacting any and all references to the Under Seal Action.

Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss also references the Under Seal Action. For the reasons given above, Defendants' motion to seal their reply brief is granted in part as to those portions that discuss the Under Seal Action. Defendants also note that Exhibit 9 of their reply brief was submitted under seal in a prior iteration of this action and remains under seal. Exhibit 9 is Carter's settlement conference statement in Carter 2008. The Court finds that Exhibit 9 satisfies the *Ashcraft* standard. Defendants provided public notice of the request to seal that allowed interested parties a reasonable opportunity to object. (Mot. to Seal filed Nov. 8, 2011 [Dkt. 25].) And, as other courts have

noted, it is important to maintain confidentiality in settlement discussions for purposes of encouraging settlement agreements. *See Saunders v. Champ Sports, Inc.*, No. 2:07-cv-00655, 2008 WL 5142393, at *1 (S.D. W.Va. Dec. 8, 2008).  The Court finds that under these circumstances, this competing interest outweighs the public interest in disclosure.  Accordingly, the motion to seal is also granted as to Exhibit 9, which shall be excised from Defendants' reply brief.

Carter likewise moves to seal portions of his Opposition to Defendants' Motion to Dismiss –- specifically those containing material that reference the Under Seal Action and which are subject to the Protective Order in Carter 2008. As with Defendants' motion to seal the Memorandum in Support of Defendants' Motion to Dismiss, the Court will grant the motion to seal as to those portions of the Opposition which reference the Under Seal Action.  Carter, however, fails to specify which matters referenced in the Opposition are subject to the Protective Order, nor does he provide any reasons why the public's right of access to these matters is outweighed by competing interests.  *Ashcraft*, 218 F.3d at 302.  As this Court held in Carter 2010, the mere fact that certain matters have been designated "confidential" pursuant to the Protective Order in Carter 2008 is insufficient.  *See Carter*, 2011 WL 2077799, at

*3-4.  Accordingly, the motion is denied as to matters subject to the Protective Order.

Defendants and Carter both move to seal their briefs filed in connection with Carter's Motion for Leave to File Sur-reply.  At the outset, the Court notes that none of these briefs reference the Under Seal Action.  In Carter's motion to seal his Motion for Leave to File Sur-reply, he again points out that the motion references material designated "confidential" in the Protective Order in Carter 2008.  Carter again makes no argument as to why the public's right of access to these matters is outweighed by competing interests.  *Ashcraft*, 218 F.3d at 302.  As this is Carter's sole basis for sealing the Motion for Leave to File Sur-reply, the motion is denied.

Defendants move to seal their Response to Relator's Motion for Leave to File Sur-reply and Carter seeks to seal his Reply Memorandum in support thereof.  The parties premise these requests on the fact that, when filed, all briefing on the Motion to Dismiss was either under seal or subject to pending motions to seal.  Following this Memorandum Opinion and the accompanying Order, that of course will no longer be the case.  The parties provide no other reason why these two briefs should be sealed.  Accordingly, Defendants' motion to seal their Response to Relator's Motion for Leave to File Sur-reply and

11

Carter's motion to seal his Reply Memorandum in Support of his Motion for Leave to File Sur-reply are denied.

### IV.   Conclusion

For these reasons, the Court will (1) grant in part and deny in part Defendants' Motion to Seal Memorandum in Support of Defendants' Motion to Dismiss; (2) grant in part and deny in part Relator's Motion to Seal Portions of the Opposition to Defendants' Motion to Dismiss; (3) grant in part and deny in part Defendants' Motion to Seal Reply Memorandum in Support of Defendants' Motion to Dismiss; (4) deny Relator's Motion to Seal his Motion for Leave to File Sur-reply; (5) deny Defendants' Motion to Seal Defendants' Response to Relator's Motion for Leave to File Sur-reply; and (6) deny Relator's Motion to Seal his Reply Memorandum in Support of his Motion for Leave to File Sur-reply.

An appropriate Order will issue.

 

 

November 29, 2011  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE