IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES *ex rel.* ) | |
| BENJAMIN CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:11cv602 (JCC/JFA) |
| v. ) | |
| ) | |
| HALLIBURTON CO., ) | |
| *et al.,* ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

For seven years, *qui tam* relator Benjamin Carter's
allegations of defense contractors submitting false claims to
the Government have been before this Court.  The case has
undergone "a remarkable sequence of dismissals and filings."
*Kellogg Brown & Root Servs., Inc. v. United States* ex rel.
*Carter*, 135 S. Ct. 1970, 1974 (2015).  It is back now, on remand
from the Fourth Circuit after the Supreme Court found that this
Court erred by dismissing with prejudice under the False Claims
Act's ("FCA"), 31 U.S.C. §§ 3729-3733, first-to-file bar.
Consistent with the Supreme Court's opinion, this Court now
dismisses Relator's case under the first-to-file bar, this time
without prejudice.

This matter came before the Court on Defendants
Halliburton Company; Kellogg Brown & Root Services, Inc.;

1

Service Employees International, Inc.; and KBR, Inc.'s (collectively "Defendants") motion to dismiss with prejudice. [Dkt. 99.]  In response to that motion, Relator Benjamin Carter ("Relator" or "Carter") motioned to file an amended complaint. [Dkt. 105.]  For the following reasons, the Court will deny Relator's motion to amend and will dismiss Relator's case without prejudice.

## I.   Background

The Court briefly discusses this case's "remarkable" history so as to frame the present motions.

For four months in 2005, Carter worked for Defendants in a water purification unit employed to provide clean water to U.S. troops at war in Iraq.  (Compl. [Dkt. 1] ¶¶ 1-3.)  Carter alleges that during his time in Iraq, he never performed "actual water purification or testing duties."  (*Id.* ¶¶ 40, 43, 53.) Instead, Defendants' personnel allegedly required Carter and other employees to fill out timecards reporting twelve hours of water purification work a day when they actually performed zero. (*Id.* ¶¶ 53-55.)  Carter also alleges that it was "routine practice" to require "trade employees," such as him, to submit timecards totaling eighty-four hours per week, regardless of the actual work performed.  (*Id.* ¶¶ 60-61, 65-68.)  Through these allegedly false reporting practices, Carter argues that false claims were submitted to the Government and paid to Defendants.

2

Carter filed his original complaint under the False Claims Act in February 2006 in the U.S. District Court for the Central District of California. *United States* ex rel. *Carter v. Halliburton Co.*, No. 06-cv-616 (C.D. Cal. filed Feb. 1, 2006). In November 2008, after two years of investigation, the case was transferred to this Court ("*Carter I*"). *United States* ex rel. *Carter v. Halliburton Co.*, No. 08-cv-1162 (E.D. Va. transfer Nov. 7, 2008). Shortly before *Carter I*'s trial date, the Government informed the parties of a pending case filed in 2005 with related allegations of false billing, *United States* ex rel. *Thorpe v. Halliburton Co.*, No. 05-cv-8924 (C.D. Cal. filed Dec. 23, 2005). In response to *Thorpe* and the FCA's first-to-file bar, this Court dismissed *Carter I* without prejudice and Carter appealed that dismissal.

During the pendency of *Carter I*'s appeal, *Thorpe* was dismissed for failure to prosecute. In response, Carter filed a new complaint ("*Carter II*"), but he failed to dismiss his prior appeal. *United States* ex rel. *Carter v. Halliburton Co.*, No. 10-cv-864 (E.D. Va. filed Aug. 4, 2010). Because *Carter I* and *Carter II* were substantively identical, this Court ruled that the still-pending appeal barred *Carter II*. Thus, this Court dismissed *Carter II* without prejudice. 2011 WL 2118227, at *6. In response, Carter voluntarily dismissed his appeal in *Carter I* and again filed his complaint ("*Carter III*"). *United States* ex

3

rel. *Carter v. Halliburton Co.*, No. 11-cv-602 (E.D. Va. filed
June 2, 2011).  *Carter III* is the case currently before this
Court.  But *Carter III* underwent its own lengthy procedural
journey before arriving for these present motions.

At the time *Carter III* was filed in June 2011, two
cases alleging similar false billing by KBR were already pending
in other courts: *United States* ex rel. *Duprey*, No. 8:07-cv-1487
(D. Md. filed June 5, 2007) ("Maryland Action") and a sealed
action filed in Texas in 2007 ("Texas Action").  Defendants
motioned to dismiss *Carter III*, arguing again that the earlier-
filed cases destroyed this Court's subject matter jurisdiction
due to the first-to-file bar.  This Court concluded that the
Maryland Action was related to Carter's claims and was pending
when Carter filed his suit.  Thus, the Court dismissed *Carter
III* for lack of jurisdiction under the first-to-file bar.
Additionally, the Court found that most of *Carter III*'s
allegations of false claims fell outside the FCA's six-year
statute of limitations.  In total, only $673.56 in allegedly
false claims were issued within the six years prior to 2011.
The Court, however, found that those claims would also be
untimely if Carter tried to refile his case after dismissal.
Therefore, the Court dismissed *Carter III* with prejudice.  2011
WL 6178878, at *12.

Carter noticed an appeal to the Fourth Circuit arguing, first, that the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287, tolled the statute of limitations on his claims.  *See United States* ex rel. *Carter v. Halliburton Co.*, 710 F.3d 171, 177 (4th Cir. 2013).  The Fourth Circuit agreed and reversed this Court's statute of limitations conclusion by finding that the WSLA did toll the statute and thus Carter's claims were not time barred.  *Id.* at 181.

The Fourth Circuit then considered the effect of the first-to-file bar.  By the time of appeal, the Maryland and Texas Actions had been voluntarily dismissed.  Thus, Carter argued that those earlier-filed cases were no longer "pending" in a way that would bar his suit.  The Fourth Circuit rejected this argument, noting that the "plain language of the first-to-file bar" required the court to "look at the facts as they existed when the claim was brought to determine whether an action is barred."  *Id.* at 183.  Because the Maryland and Texas Actions were "pending" when *Carter III* was filed, the subsequent voluntary dismissal of those cases did not remove the first-to-file bar.  Thus, the Fourth Circuit agreed with this Court that the first-to-file bar precluded *Carter III*.  *Id.*

The Fourth Circuit then considered whether the earlier Actions would continue to bar related suits in perpetuity, even though those Actions were dismissed.  The Fourth Circuit appears

to have reached this question due to its interpretation that this Court dismissed *Carter III* with prejudice under a perpetual-bar theory.  The Fourth Circuit concluded that dismissal with prejudice on first-to-file grounds was error because "once a case is no longer pending the first-to-file bar does not stop a relator from filing a related case."  *Id.* Therefore, this Court should have dismissed without prejudice to permit Carter to refile.  *Id.*  The Fourth Circuit did not consider whether the statute of limitations would have barred refiling, likely because the court found the WSLA tolled the statute of limitations.

This substantial litigation inertia carried *Carter III* all the way to the Supreme Court.  *Kellogg Brown & Root Servs., Inc. v. United States* ex rel. *Carter*, 135 S. Ct. 1970 (2015) [hereinafter *Kellogg*].  On the statute of limitations question, the Supreme Court agreed with this Court that "the WSLA does not suspend the applicable statute of limitations."  *Id.* at 1978. This holding rendered all of Carter's claims time barred except for $673.56 of false billing.  Thus, the Supreme Court proceeded to consider the application of the first-to-file bar on those remaining claims.  Looking at whether dismissal with prejudice was required under the first-to-file bar, the Supreme Court asked "whether the False Claims Act's first-to-file bar keeps new claims out of court only while related claims are still

6

alive or whether it may bar those claims in perpetuity." *Id.* at 1973.  On this question, the Supreme Court "agree[d] with the Fourth Circuit that the dismissal with prejudice of respondent's one live claim was error" because a case is no longer "pending" once it has been dismissed.  *Id.* at 1978-79.  Thus, the Supreme Court reversed in part and affirmed in part and remanded the case.  The Supreme Court never addressed the question of whether the statute of limitations or repose would preclude Carter from refiling after dismissal without prejudice.

On remand, the Fourth Circuit considered the "only issue left for resolution . . . whether Carter timely filed his complaint under the principle of equitable tolling." *United States* ex rel*. Carter v. Halliburton Co.*, 612 F. App'x 180, 180 (4th Cir. 2015).  Finding that Carter did not properly appeal the issue of equitable tolling, the Fourth Circuit granted the "extraordinary" remedy of summarily affirming this Court's decision not to equitably toll the statute of limitations.  *Id*. at 180; *see also* 4th Cir. R. 27(f) ("Motions for summary affirmance . . . are reserved for extraordinary cases only and should not be filed routinely.").  The Fourth Circuit noted, however, that "the district court judgment was not wholly free from error, as 'dismissal with prejudice of respondent's one live claim' was 'not called for' under the first-to-file rule."

*Id.* at 181 (quoting *Kellogg*, 135 S. Ct. at 1978-79).  Therefore, the Fourth Circuit remanded the case to this Court.  *Id.*

After this labyrinthine course, Carter's case is before this Court again on Defendants' motion to dismiss with prejudice pursuant to the first-to-file bar and the statute of limitations and repose that Defendants argue would prevent Carter from refiling.  In response, Carter argues the first-to-file bar no longer precludes his case and he seeks to revive his time-barred allegations through amendment, relation back, and equitable principles.  For the following reasons, the Court will deny Carter's motion to amend and will dismiss this case without prejudice due to the first-to-file bar.

## II.  Legal Standard

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Defendants raising a 12(b)(1) challenge may contend that the complaint "fails to allege facts upon which subject matter jurisdiction may be based" or "that the jurisdictional allegations of the complaint were not true."  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In either case, the "burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction."  *Id.*

Additionally, Rule 12(b)(6) allows a court to dismiss a suit which fails "to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).[1] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing the complaint, the court "must accept as true all the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 441 (4th Cir. 2011).

### III. Analysis

The FCA's *qui tam* provision incentivizes citizens to report and prosecute knowingly false claims being submitted to the Government. The FCA, however, places limitations on *qui tam* suits to "prevent parasitic lawsuits based on previously

---

[1] During the October 15, 2015 hearing before this Court, Defendants framed their motion to dismiss as simultaneously a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a 12(b)(6) motion to dismiss for failure to state a claim. The Fourth Circuit considers the first-to-file bar to be jurisdictional. *See Carter*, 710 F.3d at 181 ("Section 3730(b)(5) is jurisdictional and if an action is later filed that is based on the facts underlying the pending case, the court must dismiss the later case for lack of jurisdiction."). Thus, this motion proceeds principally as a 12(b)(1) motion. Even if the first-to-file bar were to sound in nonjurisdictional terms, however, the result in this case would not change. *See United States* ex rel. *Heath v. AT&T*, 791 F.3d 112, 119 (D.C. Cir. 2015) ("Even if the district court wrongly characterized its dismissal as jurisdictional, we could sustain that judgment for failure to state a claim under Rule 12(b)(6)."). Thus, the Court presents both standards here.

disclosed fraud." *Carter*, 710 F.3d at 181 (citing *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 233 (3d Cir. 1998)).  The first-to-file bar, 31 U.S.C. § 3730(b)(5), is one such limitation.  Section 3730(b)(5) "precludes a *qui tam* suit 'based on facts underlying [a] pending action." *Kellogg*, 135 S. Ct. at 1974.  Specifically, the statute states the following: "When a person brings an action . . . no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  § 3730(b)(5).

In the present case, it is uncontested that the Maryland and Texas Actions were "pending" when Carter filed this suit in June 2011.  Carter argues that those Actions no longer bar his suit because they were dismissed in October 2011 and March 2012, respectively, making them no longer "pending" under *Kellogg*'s recent definition of that term.  Thus, in Carter's view, he may proceed to trial on his timely claims without dismissing his case or amending his complaint.  As an alternative position, Carter argues that the now dismissed Actions would not bar his suit if he filed an amended complaint. The Court will consider these arguments in turn.

A.       Automatic First-Filer Status

Carter's argument that he can proceed with his current complaint unimpeded by the dismissed Maryland and Texas Actions

relies on his interpretation of the *Kellogg* holding, which reads: "a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed." (Pl.'s Mem. in Opp'n at 4 (quoting *Kellogg*, 135 S. Ct. at 1979).)  In Carter's view, this holding means that "once an earlier suit is dismissed it ceases to bar the later suit which then rises to the status of first-to-file." (Pl.'s Mem. in Opp'n at 5.)  In other words, Carter believes the dismissal of the earlier Actions automatically advanced him to the first-filer position, even though he filed this case when those Actions were pending in 2011.  For the following reasons, Carter interprets *Kellogg* too broadly.

The law of this case and Fourth Circuit precedent are contrary to Carter's automatic-first-filer argument.[2]  The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)).  Additionally,

---

[2]   Additionally, Relator conceded at the October 15, 2015 oral argument that he cannot cite any pre-*Kellogg* case that interpreted the first-to-file bar to automatically disappear when the earlier-filed case is dismissed.  Courts appear to have resoundingly rejected that argument before *Kellogg* was decided. *See United States* ex rel. *Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 850 (D. Md. 2013) ("Precedent uniformly supports the view that the subsequent dismissal of a first-filed *qui tam* action, without more, cannot cure the filing of a second *qui tam* action while the first action was pending.").

"once the decision of an appellate court establishes the law of the case, it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal.'" *Id.* (quoting *Aramony*, 166 F.3d at 661).  The law of the case must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Id.* (quoting *Aramony*, 166 F.3d at 661).

Looking to the prior proceedings in this case, it is clear this Court applied the first-to-file bar at the time a complaint was filed.  The prior opinion dismissing this case stated that "whether a *qui tam* action is barred by § 3730(b)(5) is determined by looking at the facts as they existed when the action was brought."  2011 WL 6178878, at *8 (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004)).  The Fourth Circuit endorsed this view on appeal when it rejected the exact argument Relator makes here.  The Fourth Circuit stated that "[f]ollowing the plain language of the first-to-file bar, Carter's action will be barred by *Duprey* or the Texas action if either case was pending when Carter filed suit." *Carter*, 710 F.3d at 183.  The Fourth Circuit was explicit in this analysis, saying "we look at the facts as they existed when the claim was brought to determine whether an

12

action is barred by the first-to-file bar." *Id.* The Fourth Circuit applied this standard to reach the same conclusion as this Court; Carter's claim is barred by the earlier-filed Actions pending at the time Carter filed his suit in 2011. *Id.* The Fourth Circuit's endorsement of this Court's statement of the law created the law of this case and this Circuit. Under that law, the Court consider whether the first-to-file bar applies at the time a suit is filed, not mid-course whenever an earlier suit is dismissed.

Relator argues that the Court is not bound by the law of the case or Fourth Circuit precedent because the Supreme Court's *Kellogg* decision is controlling contrary authority on the issue.[3] *See TFWS, Inc.*, 572 F.3d at 191 (noting an exception to the law-of-the-case doctrine when "controlling authority has since made a contrary decision of law applicable to the issue"). That argument is contradicted by a proper reading of *Kellogg*, the state of the law at the time *Kellogg* was decided, and a sister court's recent interpretation of *Kellogg*.

---

[3]     The Court notes that Carter's early interpretation of *Kellogg* was directly opposed to the argument he makes now. In an August 11, 2015 letter to this Court regarding a proposed briefing schedule, Carter's attorney wrote that "the District Court is obligated to follow the Supreme Court and Fourth Circuit's directives to dismiss the matter without prejudice." (August 11, 2015 Letter [Dkt. 96] at 2.)

13

The Supreme Court's statement of the issues before it in *Kellogg* indicates the narrow nature of its holding.  The Supreme Court framed the issue as "whether the False Claims Act's first-to-file bar keeps new claims out of court only while related claims are still alive or whether it may bar those claims in perpetuity."  *Kellogg*, 135 S. Ct. at 1973.  This statement indicates the Supreme Court was considering whether "new claims" would be barred by dismissed cases.  The issue statement does not purport to address what effect a dismissal has on existing claims that were previously barred.  Viewed in this context, the holding that "a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed" does not support Carter's argument that an existing case may proceed to trial automatically when a first-filed suit is dismissed.

The state of the law on the meaning of "pending" before the *Kellogg* decision sheds additional light on how to interpret the Supreme Court's holding.  In *Carter III*, the Fourth Circuit considered Relator's argument that "the district court erred when it dismissed his complaint with prejudice on the ground that his action was forever barred" by the Maryland Action.  *Carter*, 710 F.3d at 183.  The Fourth Circuit agreed with Relator, concluding that "once a case is no longer pending the first-to-file bar does not stop a relator from filing a

related case." *Id.* Thus, dismissal under the first-to-file bar should be without prejudice so as to permit a possible refiling.

Thirteen months after the Fourth Circuit rejected the perpetual-bar theory in *Carter*, the Court of Appeals for the D.C. Circuit reached the opposite conclusion. In *United States ex rel. Shea v. Cellco Partnership*, the D.C. Court of Appeals held that "the first-to-file bar applies even if the initial action is no longer pending." *Shea*, 748 F.3d 338, 344 (D.C. Cir. 2014), *vacated by* 135 S. Ct. 2376 (2015). To the *Shea* court, "pending" meant that a first-filed action forever barred all subsequent related cases, even after the first-filed case was dismissed. Because of this interpretation, the *Shea* court affirmed the district court's dismissal *with prejudice* under the first-to-file bar. *Id.* The *Shea* holding created a 3-1 circuit split on the issue of whether a first-filed suit continues to bar all new suits in perpetuity, even after the first-filed suit is dismissed. *Id.*

The Supreme Court's holding in *Kellogg* is best viewed as a response to this circuit split and the arguments actually litigated before the Fourth Circuit in *Carter III*. The Supreme Court said it "agree[d] with the Fourth Circuit that the dismissal with prejudice of respondent's one live claim was error." *Id.* at 1979. The Supreme Court did not, however, comment on or displace the Fourth Circuit's conclusion that "we

15

look at the facts as they existed when the claim was brought to determine whether an action is barred by the first-to-file bar." *Carter*, 710 F.3d at 183.  When viewed in the proper context, it is clear that *Kellogg* did not alter the law of this case or the law in the Fourth Circuit.  Thus, the dismissal of the earlier Actions does not automatically advance Carter's case to first-filer status.

The one other district court known to have considered this issue after *Kellogg* supports this interpretation of the Supreme Court's holding.  The Supreme Court granted certiorari in the *Shea* case discussed above and remanded for proceedings consistent with *Kellogg*.  *United States* ex rel. *Shea v. Cellco P'Ship*, 135 S. Ct. 2376 (2015).  On remand, the U.S. District Court for the District of Columbia considered the effect of *Kellogg* and concluded that "[a]lthough several aspects of the first-to-file bar have recently been clarified by the Supreme Court and our Court of Appeals, its essence remains well-defined: Plaintiffs, other than the Government, may not file FCA actions while a related action is pending."  *United States* ex rel*. Shea v. Verizon Comm'ns, Inc.*, No. 09-1050, slip op. at 25-26 (D.D.C. Oct. 6, 2015).  Thus, the temporal focus of the first-to-file bar remains the time a later suit is *filed*.  Because of this, the *Shea* court dismissed the relator's action without prejudice, even though the first-filed suit was no

longer pending.  *Id.* at 29.  This Court agrees with the outcome in *Shea* and follows the same course here.

In light of the foregoing, this Court must apply Fourth Circuit precedent and the law of this case to the current motion to dismiss.[4]  Under that law, the Court considers whether Relator's case was barred at the time he filed suit.  It is uncontested that the Maryland and Texas Actions were pending at that time.  Nothing in the Supreme Court's decision leads the Court to find that the subsequent dismissal of a first-filed suit automatically advances *Carter III* to first-filer status without any action by Carter.  Therefore, the Court rejects Carter's argument for jurisdiction on this ground.

B.      <u>Motion to Amend</u>

In a variation of the same argument, Carter asserts that his case would "certainly elevate" to first-filer status if he amended his complaint.  (Pl.'s Mem. in Opp'n at 5.)  Accordingly, Carter seeks to amend his complaint under two theories.  First, he claims an "absolute right to amend his complaint for the first time as a matter of course" under Rule

---

[4]     Plaintiffs do not argue that the law of this case should change due to new evidence or because the law is clearly erroneous and results in a manifest injustice.  *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (listing exceptions to the law of the case doctrine).  Those exceptions do not apply in this case as there has been no trial to produce new evidence and the law in this case has not been shown to be clearly erroneous or manifestly unjust.

15(a)(1)(B)'s 21-day amendment window.  (Pl.'s Reply in Supp. of
Mot. to Amend at 6.)  Second, in the alternative, Relator
requests leave of court to file an amended complaint under Rule
15(a)(2).  (*Id.* at 7.)

Defendants counter that 15(a)(1)(B) does not grant
leave to amend because that right "expired 21 days after KBR
filed its original motion to dismiss in October 2011."  (Defs.'
Reply in Supp. of Mot. to Dismiss at 32.)  Furthermore,
Defendants argue that the Court should not grant leave to amend
under 15(a)(2) because any amendment would be futile, and
Carter's delay in seeking leave to amend would prejudice
Defendants and the Court.  (*Id.* at 34.)  As discussed below,
amendment is not proper under 15(a)(1)(B) or 15(a)(2).

i.        *Amendment as a Matter of Right*

Under Federal Rule of Civil Procedure 15(a)(1)(B), a
plaintiff may amend his complaint once as a matter of course
within "21 days after service of a responsive pleading or 21
days after service of a motion under Rule 12(b), (e), or (f),
whichever is earlier."  Neither side could produce a case
indicating determinatively whether a Plaintiff retains this
right to amend in response to a second 12(b) motion made years
after the filing of the initial complaint.  For the following
reasons, the Court finds that 15(a)(1) does not permit such an
amendment as a matter of right.

Relator claims that "every court which has dealt with this issue has upheld the right to amend as a matter of course in response to a motion to dismiss."  (Pl.'s Reply at 7.) Carter's cited cases, however, all involved timely amendments made in response to a first defensive action.  None of the cases in Carter's memoranda are informative of the question of when the 21-day amendment period begins in cases involving multiple motions to dismiss.[5]  Thus, the Court looked elsewhere to resolve this issue and found guidance in the text of the rule, district court opinions addressing analogous amendment issues, and the policies underlying the 21-day amendment period.  All of these sources indicate that amendment is not proper under 15(a)(1)(B).

---

[5]     *United States* ex rel. *D'Agostino v. EV3, Inc.*, No. 14-2145, 2015 WL 5719707, at *3-4 (1st Cir. Sept. 30, 2015) (Pl.'s Reply to Motion to Amend at 6) (rejecting argument that 2009 amendment created cumulative right to amend as matter of course); *Melvin v. Social Sec. Admin*, No. 5:14-cv-170-F, 2015 WL 5089054, at *5, 8 (E.D.N.C. Aug. 27, 2015) (Pl.'s Reply to Motion to Amend at 7) (recognizing amendment as matter of course in response to first motion to dismiss and denying leave for second amendment as futile in response to second motion to dismiss); *In re MI Windows & Doors, Inc. Prods. Liability Litig.*, 908 F. Supp. 2d 720, 724 (D.S.C. 2012) (Pl.'s Reply to Motion to Amend at 7) (denying Plaintiff's amendment as a matter of course because "there is simply no way that the amended complaint can be deemed to have been filed within 21 days of the filing of either the original complaint or the motion to dismiss"); *J.S.* ex rel. *Simpson v. Thorsen*, 766 F. Supp. 2d 695, 700 (E.D. Va. 2011) (Pl.'s Reply to Motion to Amend at 7) (noting plaintiff filed amendment as matter of course in response to defendant's first and only motion to dismiss); *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (Pl.'s Reply to Motion to Amend at 7) (treating motion to amend as motion to supplement and granting *leave* to supplement).

The text of the rule states that a party may amend a pleading requiring a response, like a complaint, "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), . . . whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  From the committee notes, it is clear that this rule does not grant a cumulative right to amend after both a responsive pleading *and* a 12(b) motion.  The commentary states, "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."  Fed. R. Civ. P. 15 advisory committee's 2009 note.  Thus, the text of the rule and the advisory committee notes strongly suggest that a party does not get multiple 21-day periods to amend.

Additionally, several courts have considered how to apply Rule 15(a)(1) when multiple defendants file separate motions to dismiss.  Those courts concluded that "the twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action."  *See, e.g.*, *Williams v. Black Entm't Television, Inc.*, No. 13-cv-1459, 2014 WL 585419, at *4 (E.D.N.Y. Feb. 14, 2014) (quoting *Schneider v. Cnty. of Sacramento*, No. 2:12-cv-2457, 2013 U.S. Dist. LEXIS 97295, at *2 (E.D. Cal. July 10, 2013)); *see also Kieffer v. Tundra Storage*

*LLC*, No. 14-3192 ADM/LIB, 2015 WL 5009012, at *3 (D. Minn. Aug.
21, 2015) ("The 21-day period to amend therefore began to run on
April 13 and did not reset when subsequent pleadings and motions
were filed."); *Trujilo v. City of Newton*, No. 12-2380-JAR-DJW,
2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013) ("The advisory
committee notes make clear that the 'whichever is earlier'
language in Rule 15(a)(1) is not intended to be cumulative.").

The policies underlying Rule 15(a)(1) also support the
conclusion that the 21-day period to amend as a matter of right
began when Defendants filed their first motion to dismiss.  In
2009, Rule 15(a) was changed to limit the time to amend as a
matter of course after a 12(b) motion to 21 days.  Under the
former rule, the right to amend terminated upon the filing of a
responsive pleading.  *See Domino Sugar Corp. v. Sugar Wkrs.
Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993)
("[U]nder Fed. R. Civ. P. 15(a), a complaint may be amended
without leave of the court when the defendant has not filed a
responsive pleading.").  A 12(b) motion attacking the complaint,
however, was not considered a "responsive pleading."  *Id.*  Thus,
a plaintiff could sometimes retain the right to amend even after
a case was dismissed.  *See* Fed. R. Civ. P. 15 advisory
committee's 2009 note ("The right to amend survived beyond
decision of the motion unless the decision expressly cut off the
right to amend.").  To address the concern from such late

21

amendments, the 21-day window was created to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." *Id.* Thus, the current 21-day amendment window advances the goal of "expedit[ing] determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's 2009 note. That goal is antinomical with Relator's request to amend nearly four years after he responded to Defendants' first motion to dismiss.

In light of the foregoing, the time period for amending the complaint as a matter of course under 15(a)(1) began when Defendants filed their *first* motion to dismiss on October 21, 2011. [Dkt. 10.] The current motion to dismiss, filed nearly four years later on August 17, 2015, did not create a cumulative 21-day period for amendment. Therefore, the Court determines that Plaintiff has not timely amended his complaint under 15(a)(1)(B). Thus, the Court will consider the motion to amend as a request for leave to amend under Rule 15(a)(2).

ii.     *Amendment Under Rule 15(a)(2)*

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 504, 510 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that leave to amend is not proper because an amendment would be futile and prejudicial. Specifically, Defendants argue that any amendment would not remove the first-to-file bar and that the statute of limitation and repose would render any amendment untimely. Relator rebuts that an amendment would not be futile because amending his complaint would allow him to avoid the first-to-file bar and the doctrine of relation back would make his amended complaint timely. For the following reasons, the Court finds that amendment would not cure the first-to-file bar. Therefore, the Court would continue to lack jurisdiction over Relator's amended complaint, making amendment futile. Because this is a sufficient ground to decide this issue, the Court does not consider Defendants' alternative futility and prejudice arguments.

A court should only deny an amendment due to futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Id.* The standard for futility is the same as for a motion to dismiss under Rule 12(b)(6). *See United States* ex rel*. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (affirming denial of motion to amend

because "proposed amended complaint does not properly state a claim under Rule 12(b)(6) and lacks sufficient particularity under Rule 9(b)").  For example, courts have found amendment to be futile when the amended claims would be time-barred and would not relate back to the original filing, *see Barnes v. Prince George's Cnty.*, 214 F.R.D. 379, 380-82 (D. Md. 2003), and when an immunity would bar the amended complaint, *see Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Woods v. Bennett*, No. 2:12-03592, 2013 WL 4779018, at *4 (S.D.W. Va. Sept. 5, 2013).

Amending the complaint would not cure the first-to-file bar and therefore is futile.  As the earlier discussion made clear, the law in this case and the Fourth Circuit requires this Court to "look at the facts as they existed when the claim was brought to determine whether an action is barred by the first-to-file bar."  *Carter*, 710 F.3d at 183.  Accordingly, "if an action is later filed that is based on the facts underlying the pending case, the court must dismiss the later case for lack of jurisdiction."  *Id.* at 181.  Furthermore, as discussed above, the Supreme Court affirmed the Fourth Circuit's ruling with respect to the first-to-file bar.  *See Kellogg*, 135 S. Ct. at 1979.  Therefore, the Supreme Court did not alter the law of the case governing the temporal focus of the first-to-file analysis.

Relator, however, cites two district court cases from this circuit that applied the first-to-file analysis at the time a relator filed an amended complaint.  *See United States* ex rel. *Kurnik v. PharMerica Corp.*, No. 3:11-cv-1464, 2015 WL 1524402 (D.S.C. Apr. 2, 2015); *United States* ex rel. *Palmeri v. Alpharma, Inc.*, 928 F. Supp. 2d 840 (D. Md. 2013).  One of those cases, *Kurnik*, was decided after the Fourth Circuit decided *Carter III*.  *Kurnik* distinguished *Carter III* by noting that no amended complaint was before the Fourth Circuit.  *Kurnik*, 2015 WL 1524402, at *6.

It is true that the Fourth Circuit did not have to consider how an amended complaint affects the first-to-file analysis.  None-the-less, the plain text of the first-to-file statute convinces the Court that "the filing of an amended complaint does not create an exception to the time-of-filing rule."  *United States* ex rel. *Moore v. Pennrose Props., LLC*, No. 3:11-cv-121, 2015 WL 1358034, at *13 (S.D. Ohio Mar. 24, 2015). At least three recent district courts to consider the issue agree.  *See United States* ex rel. *Shea v. Verizon Comm'ns, Inc.*, No. 09-1050, slip op. at 25-26 (D.D.C. Oct. 6, 2015) ("The only way to cure this particular defect is for the Court to dismiss Plaintiff's action—not merely his Complaint—so that he may file a new action now that Verizon I is no longer pending."); *Moore*, 2015 WL 135804, at *13; *United States* ex rel. *Branch Consultants*

25

*v. Allstate Ins. Co.*, 782 F. Supp. 2d 248, 259-64 (E.D. La. 2011) (finding that amending a complaint could not cure first-to-file bar). The jurisdictional nature of the first-to-file bar and policy concerns also support that conclusion. Thus, the Fourth Circuit's statement remains controlling; "we look at the facts as they existed when the claim was brought to determine whether an action is barred by the first-to-file bar." *Carter*, 710 F.3d at 183.

The plain text of the first-to-file statute indicates that an amendment will not cure the first-to-file bar. That statute reads as follows: "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). Thus, the statute plainly bars a person from "bring[ing] a related action." *Id.* A plaintiff does not "bring an action" by amending a complaint, "[o]ne brings an action by commencing suit." *United States* ex rel. *Chovanec v. Apria Healthcare Grp. Inc.*, 606 F.3d 361, 362 (7th Cir. 2010). The Fourth Circuit, in this very case, stated that "[f]ollowing the plain language of the first-to-file bar, Relator's action will be barred by [earlier cases] if either case was pending when Relator *filed suit*." *Carter*, 710 F.3d at 183 (emphasis added). Furthermore, in the post-*Kellogg* case of *Shea*, the district court noted that

26

"the language of § 3730(b)(5) itself . . . requires the Court to look to the moment when Plaintiff filed his *initial Complaint*." *Shea*, No. 09-1050, slip op. at 27 (emphasis added).  "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Crespo v. Holder*, 631 F.3d 130, 133 (4th Cir. 2011) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004)).  Thus, the first-to-file statute is sufficiently plain to provide an independent basis to conclude that "[n]o matter how many times Plaintiff amends his Complaint, it will still be true that he 'br[ought] a related action based on the facts underlying the [*then*] *pending* action.'" *Shea*, No. 09-1050, slip op. at 29 (reaching this holding despite nonjurisdictional treatment of first-to-file bar in D.C. Circuit).  Additional reasons also persuade this Court of the soundness of applying the first-to-file bar at the time the initial complaint was filed.

In this Circuit, the first-to-file bar is jurisdictional.  *See Carter*, 710 F.3d at 182 ("Section 3730(b)(5) is jurisdictional and if an action is later filed that is based on the facts underlying the pending case, the court must dismiss the later case for lack of jurisdiction.")[6]

---

[6]   All circuit courts to consider the issue except one appear to agree that the first-to-file bar is jurisdictional.  *See Ven-*

It is consistent with a jurisdictional limitation to apply the
first-to-file bar at the time the initial complaint is filed,
rather than when the complaint is amended.  *See* Carter, 710 F.3d
at 183 ("[W]e look at the facts as they existed when the claim
was brought to determine whether an action is barred by the
first-to-file bar."); *Grynberg v. Koch Gateway Pipeline Co.*, 390
F.3d 1276 (10th Cir. 2004) ("[W]hether § 3730(b)(5) barred [the
relator's] qui tam action by looking at the facts as they
existed at the time that action was brought."); *Morongo Band of
Mission Indians v. Ca. State Bd. of Equalization*, 858 F.2d 1376,

---

*A-Care of the Fla. Keys, Inc. v. Baxter Healthcare Corp.*, 772
F.3d 932, 936 (1st Cir. 2014) ("The 'first-to-file' rule is, at
least in this Circuit, jurisdictional."); *United States* ex rel.
*Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th
Cir. 2009) (referring to "the FCA's first-to-file jurisdictional
bar"); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276,
1279 (10th Cir. 2004) ("This provision is a jurisdictional limit
on the courts' power to hear certain duplicative qui tam
suits.");  *United States* ex rel. *Lujan v. Hughes Aircraft Co.*,
243 F.3d 1181, 1186 (9th Cir. 2001) (conducting jurisdictional
analysis for first-to-file question).  The only circuit to
decide otherwise is the Court of Appeals for the D.C. Circuit,
which recently relied on the text of the first-to-file statute
and the order in which the Supreme Court considered the issues
in *Kellogg* to conclude that the first-to-file bar is
nonjurisdictional.  *See United States* ex rel. *Heath v. AT&T,
Inc.*, 791 F.3d 112, 121 (D.C. Cir. 2015) ("The first-to-file
rule is not jurisdictional . . . .").  Despite this recent
circuit split, this Court finds no authority to deviate from
clearly established circuit precedent absent contrary
controlling law on the issue.  The Court does not find such
controlling law in *Kellogg*'s consideration of the WSLA before
the first-to-file bar, as the Fourth Circuit also addressed the
WSLA first in *Carter* despite referring to § 3730(b)(5) as
jurisdictional.

1381 (9th Cir. 1988) ("In determining federal court
jurisdiction, we look to the original, rather than to the
amended, complaint.  Subject matter jurisdiction must exist as
of the time the action is commenced.").

Relator contends, however, that a court may assess
jurisdiction at the time a complaint is amended because an
amendment is a "subsequent event of jurisdictional
significance."  (*See* Pl.'s Mem. in Opp'n at 7 (quoting *Palmieri*,
928 F. Supp. 2d at 850).)  At first blush, the Supreme Court
decision of *Rockwell International Corp. v. United States*
appears to support Relator's argument.  In that opinion, the
Supreme Court stated that "when a plaintiff files a complaint in
federal court and then voluntarily amends the complaint, courts
look to the amended complaint to determine jurisdiction."  549
U.S. 457, 473-74 (2007).  At least two district courts have
looked to this language when concluding that a relator may avoid
the first-to-file bar by amending.  *See Kurnik*, 2015 WL 1524402,
at *5; *Palmeri*, 928 F. Supp. 2d at 851.  Upon close inspection,
however, *Rockwell* does not persuade this Court to assess the
first-to-file bar at the time of an amended complaint.

In *Rockwell* the Supreme Court considered the
application of another jurisdictional limitation in the FCA, the
public disclosure bar.  Under that bar, federal courts have no
jurisdiction over *qui tam* suits "based upon the public

disclosure of allegations or transactions 'unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.'" *Rockwell*, 549 U.S. at 460 (quoting 31 U.S.C. § 3730(e)(4)(A)).  The relator in *Rockwell* amended his complaint during the case.  The relator then asked the Court to consider only his initial complaint to determine whether he was an original source.  *Id.* at 473.  The Supreme Court instead determined that it would consider "(at a minimum) the allegations in the original complaint *as amended*."  *Id.*  This statement, however, did not interfere with the "rule that subject-matter jurisdiction 'depends on the state of the things at the time of the action brought.'"  *Id.* (quoting *Mullan v. Torrance*, 22 U.S. 534, 539 (1824)).

Two recent district court opinions have convincingly concluded that *Rockwell* does not make an amended complaint the relevant point of focus for the first-to-file bar.  *See Moore*, 2015 WL 1358034, at *15; *Branch*, 782 F. Supp. 2d at 261-62.  As those opinions make clear, *Rockwell* demonstrates that a plaintiff may "amend himself or herself out of jurisdiction by withdrawing allegations that appeared in the original complaint," but did not state that a court may acquire jurisdiction through amendment.  *See Moore*, 2015 WL 1358034, at *15; *Branch*, 782 F. Supp. 2d at 261.  In other words, "*Rockwell*

does not suggest that a plaintiff can establish jurisdiction by amendment when jurisdiction did not previously exist." *Branch*, 782 F. Supp. 2d at 261-62.  Furthermore, in *Rockwell* jurisdiction depended upon the actual substance of the complaint's allegations.  In the first-to-file context, however, the timing of the filing carries the weight of jurisdictional relevance.  *See Moore*, 2015 WL 1358034, at *15 (making this distinction).  Thus, the Court agrees with *Branch* and *Moore* that the Supreme Court's statements in *Rockwell* are inapplicable to the first-to-file context; the relevant point of jurisdictional focus for first-to-file remains the time the initial complaint is filed.

Lastly, the Court finds that allowing a relator to avoid the first-to-file bar by amending would interfere with the efficient operation of *qui tam* suits.  As noted in *Branch*, allowing a relator to avoid § 3730(b)(5) by amending could prevent the timely resolution of meritorious claims.  *Branch*, 782 F. Supp. 2d at 263.  This could occur where a relator files a skeletal complaint to secure a place in the "jurisdictional queue . . . only to then file an amended complaint after actually becoming an original source, and thereby trump any meritorious, related actions that were filed in the meantime." *Id.*  Contrary to this undesirable outcome, keeping the emphasis

31

on the time the initial complaint was filed "has the advantage of simplicity."  *Id.* at 264.

In summary, the Court agrees with *Moore*, *Branch*, and *Shea* that an amended complaint does not save a *qui tam* suit that was barred when the relator filed the initial complaint. Therefore, regardless of the substance of the amendments, Carter can only cure the first-to-file bar that attached at the time he filed the initial complaint by dismissing the case.  In other words, any amendment would be futile and not proper under Rule 15(a)(2).

C.        Statute of Limitations and Equitable Tolling Arguments

Under the belief that his case is not barred by § 3730(b)(5), Relator argues that equitable principles should "either toll the statute of limitations or provide for relation-back in order to allow Relator to proceed on the merits with respect to *all* of his claims."  (Pl.'s Mem. in Opp'n at 9 (emphasis added).)  This argument is rendered moot by the Court's denial of leave to amend and its conclusion that the first-to-file bar requires dismissal without prejudice.

D.        Dismissal Without Prejudice

In Defendants' memoranda in support of this motion, they argued that the "only question remaining" for this Court to resolve on remand is whether this case "must be dismissed with prejudice because Benjamin Carter is barred from refiling by the

False Claims Act's statutes of limitations and repose."  (Defs.'
Mem. in Supp. at 1.)   In the 2011 opinion dismissing with
prejudice, this Court stated that even Relator's timely
allegations of $673.56 in claims made on June 15, 2005, "would
be untimely were Carter to again file a new action."  2011 WL
6178878, at *12.  Nearly four years have passed since the Court
made that statement.  With the passage of time, the FCA's 10-
year statute of repose may have arisen to create an additional
bar on Relator's refiling.  *See* 31 U.S.C. § 3731(b); *Kellogg*,
135 S. Ct. at 1974 ("In no circumstances, however, may a suit be
brought more than 10 years after the date of a violation."
(citing § 3731(b))).  Defendants ask us to consider the merits
of these limitations and conclude that Relator's refiling will
be time-barred.  Thus, Defendants asks the Court to dismiss this
case with prejudice due to the statutes of limitations and
repose.  In contrast, Relator argues that discussion of these
issues "would be improper until Relator re-filed, since this
Court is not in a position to provide advisory opinions on
issues that are not squarely before it."  (Pl.'s Mem. in Opp'n
at 14.)

Despite Defendants' compelling briefing on the issue,
the Court views its role within this remand as more limited than
Defendants suggest.  Having determined that jurisdiction is
lacking, the Court will not now reach out to opine on whether

refiling would be barred by the statutes of limitations or repose.  *See Keys v. Donahoe*, No. 14 C 1297, 2014 WL 7332826, at *3 n.5 (N.D. Ill. Dec. 19, 2014)("[D]efendants argue that Ms. Keys' case, even if refiled, would be subject to dismissal on the basis of judicial estoppel and sovereign immunity.  We do not express any view on those arguments; however, Ms. Keys may wish to consider them in deciding whether she wishes to refile her complaint."); *Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1104 (D. Md. 1996) (dismissing without prejudice and declining to "reach, discuss, and/or decide any of defendants' positions as to certain non-jurisdictional issues such as limitations").  Therefore, the Court dismisses this case without prejudice pursuant to the first-to-file bar.

## IV.  Conclusion

For the reasons set forth above, the Court will deny Relator's motion to amend and will dismiss this case without prejudice.

An appropriate order will follow.

|  | /s/ |
|---|---|
| November  12, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

34