IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| BENJAMIN CARTER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|        v. | ) | 1:11-cv-0602 (JCC/JFA) |
| | ) | |
| HALLIBURTON CO., | ) | |
| *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter came before the Court on Relator Benjamin Carter's ("Relator") Motion for Reconsideration of this Court's November 12, 2015 Memorandum Opinion ("November 12 Opinion"). [Dkt. 129.]  Relator argues that an intervening change in law indicates that the False Claims Act's first-to-file bar would not apply to his amended complaint.  Additionally, Relator seeks clarification on whether the Court would deny leave to amend based on three arguments that were raised, but not addressed, in the November 12 Opinion.  As described below, those alternative arguments would not preclude amendment, but the first-to-file bar continues to make amendment futile.

### I. Background

The Court's many prior opinions describe the facts and procedural history of this case in full.  That background is

1

presumed known and repeated here only to the extent necessary to resolve the current motion.

On October 15, 2015, this Court held a hearing on how this case should proceed on remand from the Court of Appeals for the Fourth Circuit and the United States Supreme Court. Defendants moved to dismiss the case with prejudice, arguing that the False Claims Act's first-to-file bar requires dismissal and the statutes of limitations and repose would prevent the filing of a new lawsuit.  Relator, by contrast, sought to amend his complaint in the belief that, according to the Supreme Court's decision in this case, amendment would clear away the first-to-file bar attached to the Original Complaint.  *See Kellogg Brown & Root Servs., Inc. v. United States* ex rel. *Carter*, 135 S. Ct. 1970 (2015) [hereinafter *Kellogg*].  The Court agreed with Defendants and issued its November 12 Opinion concluding that the first-to-file bar renders amendment futile. Because this was a dispositive ground for denying leave to amend, the Court did not address Defendants' alternative arguments that the statute of limitations, the statute of repose, and the prejudice of delay should also preclude amendment.

Relator motioned for the Court to reconsider its denial of leave to amend,[1] or in the alternative, to decide whether Defendants' alternative arguments have merit.  Relator contends that such a clarification would promote judicial economy by presenting a complete record and reduce the need for additional motions practice if he successfully appeals to the Fourth Circuit.  Defendants oppose this motion, arguing that Relator seeks an advisory opinion that does not satisfy any of the Rule 59(e) grounds for reconsideration.  For the following reasons, the Court agrees with Relator that a clarification of the November 12 Opinion is necessary to prevent manifest injustice.

## II. Standard of Review

Amending a judgment "is an extraordinary remedy that should be applied sparingly."  *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).  A court may amend a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Merely attempting to "reargue the facts and law originally argued in the parties' briefs," however, is not a proper use of Rule 59(e).  *Projects Mgmt. Co. v. DynCorp Int'l,*

---

[1]    Relator supplemented the motion to reconsider on December 18, 2015, based on the First Circuit's opinion in *United States ex rel. Gadbois v. Pharmerica Corp.*, 809 F.3d 1 (1st Cir. 2015).

*LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)).

With those principles in mind, the Court turns now to Relator's arguments that a change in law and the need to prevent manifest injustice support reconsideration in this case.

### III. Analysis

A.          Intervening Change in Law

The Court first addresses Relator's argument that the First Circuit opinion in *United States* ex rel. *Gadbois v. Pharmerica Corp.*, 809 F.3d 1 (1st Cir. 2015), is an intervening change in controlling law justifying reconsideration.   For several reasons, *Gadbois* does not convince the Court to reconsider its judgement that the first-to-file bar renders amendment futile.

As an initial and dispositive point, *Gadbois* is not "controlling law" for this Court.   Rule 59(e)'s "controlling law" prong "refers specifically to binding precedent only." *McNamara v. Royal Bank of Scotland Grp, PLC*, No. 11-cv-2137, 2013 WL 1942187, at *3 (S.D. Cal. May 9, 2013).   Although the Court may consider nonbinding opinions as persuasive authority, they certainly do not "control" this Court's decisions.   Thus, *Gadbois* does not justify reconsideration under Rule 59(e).   *See Local 703 v. Regions Fin. Corp.*, No. CV 10-2847-IPJ, 2011 WL

4

4431154, at *1 (N.D. Ala. Sept. 7, 2011) ("[A] decision by the Second Circuit Court of Appeals is not binding on this Court, and therefore, is not an intervening change in controlling law."); *D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2009 WL 904054, at *2 (D.N.J. Mar. 31, 2009) ("[A] decision that is not controlling precedent is not an intervening change in the controlling law for purposes of a motion for reconsideration.").

Furthermore, even considering *Gadbois*, the Court would have denied Relator's motion to amend due to the first-to-file bar. In *Gadbois*, the First Circuit found that an FCA relator could avoid the first-to-file bar by supplementing his complaint to note that an earlier related case was dismissed. *Gadbois*, 809 F.3d at 3. The court reasoned that Federal Rule of Civil Procedure 15(d)[2] permits supplements to a complaint, even to correct jurisdictional deficiencies. *Id.* at 5. Additionally, the court noted that the "familiar rule that jurisdiction is determined by the facts existing at the time of filing of an original complaint" primarily governs in diversity jurisdiction cases. *Id.* And, because *Kellogg* and the dismissal of the

---

[2]     Federal Rule of Civil Procedure 15(d) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Additionally, "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

earlier-filed action "dissolved the jurisdictional bar that the court below found dispositive," dismissal and refiling would be a "pointless formality." *Id.* at 6. Therefore, the court concluded that the first-to-file bar does not preclude supplementing the complaint.

Despite its virtues, the *Gadbois* decision does not directly address many of the concerns that influenced this Court's interpretation of the first-to-file bar. First, *Gadbois* referred to *Kellogg* as part of a shifting of "tectonic plates" regarding the first-to-file bar. *Id.* at 3. The court's assessment of *Kellogg*, however, was very brief and failed to consider the context of the Supreme Court's analysis. By contrast, this Court's November 12 Opinion relied upon the nature of the circuit split motivating the *Kellogg* decision, the Supreme Court's statement of the issues before it, and the law of this case and this circuit. Second, *Gadbois* did not give sufficient weight to the plain language of 31 U.S.C. § 3730(b)(5), which the Fourth Circuit has emphasized and this Court considered dispositive. *Compare Gadbois*, 809 F.3d at 4-5 (noting this argument but not addressing it at length), *with United States* ex rel. *Carter v. Halliburton*, 710 F.3d 171, 183 (4th Cir. 2013) ("Following the plain language of the first-to-file bar, [relator's] action will be barred by *Duprey* or the Texas action if either case was pending when Carter filed

6

suit."), *United States* ex rel. *Shea v. Verizon Commc'ns, Inc.*, No. 09-1050, 2015 WL 7769624, at *10 (D.D.C. Oct. 6, 2015) ("[T]he language of § 3730(b)(5) itself, nevertheless, requires the Court to look to the moment when Plaintiff filed his initial Complaint . . . ."), *and United States* ex rel. *Branch Consultants, L.L.C. v. Allstate Inc. Co.*, 782 F. Supp. 2d 248, 259 (E.D. La. 2011) ("The first-to-file bar . . . refer[s] specifically to jurisdictional facts that must exist when an 'action,' not a complaint, is filed."). Third, the *Gadbois* court believed it to be a "pointless formality" to require dismissal and refiling. *Gadbois*, 809 F.3d at 6. In the present case, however, dismissal and refiling could implicate significant statute of limitations and repose problems. This posture made the Court mindful of developing an administrable rule. Accordingly, *Gadbois* would not persuade this Court to grant Relator's motion to amend or deny Defendants' motion to dismiss.

B.      Manifest Injustice

        Relator also argues that failing to address Defendants' alternative arguments for denying amendment results in a manifest injustice and justifies reconsideration or clarification. Specifically, Relator contends that leaving these alternative arguments unresolved would provoke additional motions practice on remand if he successfully appeals to the

7

Fourth Circuit.  For reasons that are unique to this case, the Court agrees and will take this opportunity to clarify its November 12 Opinion.

Before discussing Defendants' alternative arguments for denying amendment, the Court must explain why it is taking this extraordinary step.  First, the Court notes that it is regular and proper to leave alternative arguments unresolved after a court finds a dispositive basis for resolving an issue. *See, e.g.*, *Mueller v. AT&T Techs., Inc.*, No. 87-1545, 1987 WL 44601, at *2 (4th Cir. Aug. 21, 1987) ("We hold that the district court correctly granted summary judgment on the latter ground, and we need not consider the former ground."); *Sheppard v. Geren*, No. 1:07cv1279, 2008 WL 4919460, at *1 n.4 (E.D. Va.), *aff'd*, 282 F. App'x 232 (4th Cir. 2008) ("As the Court concludes that the instant complaint should be dismissed for lack of jurisdiction, it is unnecessary to address whether plaintiff has failed to state a claim upon which relief can be granted.").  It is also common, however, for courts to reach alternative grounds for dismissal, even after concluding that jurisdictional deficiencies exist.  *See, e.g.*, *Settlers Crossing, L.L.C. v. U.S. Home Corp.*, 383 F. App'x 286, 288 (4th Cir. 2010) (affirming district court's finding of lack of subject matter jurisdiction and alternative dismissal on the merits); *Foxworth v. United States*, No. 3:13-cv-291, 2013 WL 5652496, at *4-6

(E.D. Va. Oct. 16, 2013) ("Accordingly, even if the Court found jurisdiction to be proper, Foxworth's Complaint fails to state a claim upon which relief can be granted."). Thus, either course is proper, and a court's decision not to reach alternative grounds is not a recognized basis for reconsideration. The circumstances of this case, however, are *sui generis*.

In March 2010, this case had completed discovery and was poised for trial when the Government informed the Court of an earlier pending case similar to Relator's case. Thus, after proceeding through two motions to dismiss, two amended complaints, and a contentious and protracted discovery period, the Court granted Defendants' third motion to dismiss. That dismissal occurred on May 10, 2010. Since that time, the case has undergone what the Supreme Court described as "a remarkable sequence of dismissals and filings." *Kellogg*, 135 S. Ct. at 1974. In short, this case has consumed an immense amount of resources from the parties and the many courts that have sought to resolve the disputes between these parties. To the extent a clarification of the November 12 Opinion will provide a more direct route to finality in this case, it would be a manifest injustice to deny that clarification.

The Court also notes that resolving the alternative arguments for denying amendment does not prejudice either party. The issues analyzed below were orally argued and fully briefed

9

in the memoranda on Defendants' motion to dismiss and Relator's motion to amend.  Therefore, the Court will now clarify its November 12 Opinion by addressing Defendants' alternative arguments for denying leave to amend.

C.        Amendment Under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) requires courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  In light of that policy, courts should deny leave to amend in only three circumstances: (1) bad faith on the part of the moving party; (2) prejudice to the opposing party; or (3) futility.  *Johnson v. Oroweat Foods Co.*, 785 F.2d 504, 510 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants argue that prejudice and futility prevent amendment in this case.  The Court agrees that the first-to-file bar renders amendment futile.  The Court's November 12 Opinion, however, did not address whether the statutes of limitations and repose also make amendment futile.  The Court also did not address whether the amendment is prejudicial.  The Court turns to those issues now.

1.        Prejudice

10

Although Relator substantially delayed in bringing this motion, the prejudice from that delay does not justify denying leave to amend.  If this case's age is marked by the months and years that have passed since the filing of the original complaint, then the motion indeed comes late in this case's life.  Over four and a half years ticked away before Relator motioned to amend.  But the passage of time seems a poor indicator of the prejudice caused by permitting an amendment. *Cf. Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 117-18 (4th Cir. 2013) (finding no prejudice in amended complaint filed "over three years" after original complaint); *A Helping Hand v. Baltimore Cty., Md.*, No. CCB-02-2568, 2009 WL 5219725, at *1 (D. Md. Dec. 3, 2009) (permitting amendment "years after" the original complaint was filed).  The better measure of delay appears to be the time remaining between the amendment and a resolution of the case on the merits.  This point of reference provides more insight into the defendant's ability to properly defend against the amended complaint.  Viewed from this perspective, the present case has undergone substantial motions practice, but remains far from mature in terms of resolution. Defendants face no looming deadline of trial that might prevent them from adequately responding to the amended complaint.  Thus, although substantial time and opportunity for amendment has passed, the Court finds no improper prejudice from this delay.

Furthermore, the substance of Relator's amendments should not surprise Defendants or undermine the many judicial opinions shaping the scope of this case.  The amendments provide details about award fee presentations Defendants allegedly made in March and July 2005 and corresponding award payments of $55,846,736 and $21,168,998 received in April and August 2005, respectively.  (Am. Compl. ¶¶ 144-49, 161-79.)  These presentations allegedly incorporated information about Defendants' "excellent work purifying water at the bases in Ar Ramdi and Al Asad."  (*Id.* ¶ 145.)  Similar allegations of award fees related to these water purification tasks are plainly present in the Original Complaint, where Relator described the award fee process at length, (Compl. ¶¶ 140-49), noted that fraudulent time recording can inflate the fee award, (*id.* ¶ 154), alleged that Defendants' fraudulent claims resulted in "an enhanced award fee under the contract," (*id.* ¶ 167(e)), and even claimed that Defendants "received $120 million in LogCAP award fees" in 2006 alone, (*id.* ¶ 148).  In a prior opinion, this Court interpreted the Original Complaint to allege a connection between Defendants' false claims and the award fees cited in the Amended Complaint.  *See Carter*, No. 1:08cv1162, 2009 WL 2240331, at *7 ("[A] further result of these allegedly false time cards and invoices, the government also paid Defendants greater indirect costs, a higher base fee, *and a*

12

*higher award fee*." (emphasis added))   Thus, the similarity
between the Original Complaint and the amendments further
persuade the Court of the absence of prejudice.   *See Matrix Cap.
Mgmt. Fund, v. BearingPoint, Inc.*, 576 F.3d 172, 195 (4th Cir.
2009) (finding no prejudice where "Plaintiffs simply seek to add
specificity to scienter allegations in a situation where
defendants are aware of the circumstances giving rise to the
action"); *Laber*, 438 F.3d at 427 ("An amendment is not
prejudicial . . . if it merely adds an additional theory of
recovery to the facts already pled and is offered before any
discovery has occurred."); *Edwards v. City of Goldsboro*, 178
F.3d 231, 244 (4th Cir. 1999); *Davis v. Piper Aircraft Corp.*,
615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from
the outset made fully aware of the events giving rise to the
action, an allowance of the amendment could not in any way
prejudice the preparation of the defendant's case.").

> 2.      <u>Futility</u>

Turning to futility, Defendants argue that the Amended
Complaint is time barred by the statute of limitations and will
not relate back to the Original Complaint.   Additionally,
Defendants contend that the FCA's ten-year statute of repose
bars the Amended Complaint and statutes of repose are
categorically not subject to relation back under Rule 15(c).

13

For the following reasons, the Court finds that these arguments do not render amendment futile.

a)      Relation Back of Statute of Limitations

A claim barred by the applicable statute of limitations is futile, and an untimely amendment can be denied on that basis.  *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  Federal Rule of Civil Procedure 15(c), however, allows an amended complaint to relate back to the date the original complaint was filed when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(2).[3]  "In this circuit, it is well-settled that Rule 15 is chiefly concerned with ensuring (i) that there is a factual nexus between the amendments and the prior pleading, and (ii) that a defendant had sufficient notice of these new claims such that he will not suffer prejudice if the amendments are found to relate back." *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 754 (E.D. Va. 2010). In this case, the Original Complaint satisfies both of these requirements.  Therefore, relation back is proper.

As described above, the amendments have a strong factual nexus to the Original Complaint.  It is well recognized

---

[3]      The additional circumstances for relation back in Rule 15(c) are not applicable to this case.

that "amendments that do no more than restate the original claim with greater particularly or amplify the details of the transaction alleged in the proceeding fall within Rule 15(c)(1)(B)."  6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1497 (3d ed. 2015). Although Relator's amendments might do slightly more than add particularly, the facts in the Amended Complaint are directly referenced or clearly alluded to in the Original Complaint.

Additionally, Defendants were on notice that Relator would include portions of the award fees within its claims for damages.  The Original Complaint stated explicitly that Defendants' "fraudulent claims resulted in . . . an enhanced award fee under the contract."  (Compl. ¶ 167(e).)  In 2009, this Court interpreted these allegations to mean that as "a further result of these allegedly false time cards and invoices, the government also paid Defendants greater indirect costs, a higher base fee, *and a higher award fee*."  *Carter*, 2009 WL 2240331, at *7 (emphasis added).  Thus, even the Court understood the Original Complaint to potentially implicate the allegedly inflated fee awards Defendants received based on their timecard and billing practices among Ar Ramadi and Al Asad ROWPU employees.  Accordingly, Defendants were sufficiently on notice of the new facts alleged.  Thus, the Amended Complaint would relate back to the time of filing of the Original Complaint.

The relation-back doctrine, however, is not without limitations.  Relation back may only save a claim that would have been timely raised within the original complaint.  *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("In order to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed."). Some of Relator's amendments allege acts occurring more than six years before the Original Complaint was filed.  Absent equitable tolling, these claims would be untimely.  Because the Court has reserved its ruling on the application of equitable tolling to this remanded case, however, the better practice at this stage is to permit amendment and allow Defendants to raise statute of limitations as an affirmative defense in a motion to dismiss.

b)      Effect of the Statute of Repose

Defendants next argue that amendment is futile because relation back cannot apply to the FCA's ten-year statute of repose.  Defendants cite several cases supporting their interpretation of Rule 15(c).[4]  Despite these persuasive authorities to the contrary, the Court finds that the statute of repose does not prevent relation back.

---

[4]     Defendants cite the following cases: *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013); *Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014); *In re Lehman Bros. Sec. & Erisa Litig.*, 800 F. Supp. 2d 477, 483 & n.27 (S.D.N.Y. 2011); *Resolution Tr. Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991).

Before diving into this issue, the Court will briefly note the differences between a statute of limitations and a statute of repose.  The Fourth Circuit has described statutes of limitations as "primarily instruments of public policy and of court management," and aimed at the "prevention of stale claims."  *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987).  As such, statutes of limitations "do not confer upon defendants any right to be free from liability, although this may be their effect."  *Id.*  Statutes of repose, by contrast, "make the filing of suit within a specified time a substantive part of plaintiff's cause of action."  *Id.*  The purpose of a statute of repose is then "primarily to relieve potential defendants from anxiety over liability for acts committed long ago."  *Id.*

The Court finds little guidance from federal courts of appeals as to whether a statute of repose may be avoided through relation back.  Neither the parties nor the Court identified a Fourth Circuit opinion considering the application of Rule 15(c) to a statute of repose.  Defendants located a Second Circuit opinion implying that Rule 15(c) could not apply to a statute of repose without violating the Rules Enabling Act, 28 U.S.C. § 2972(b).  *See Police & Fire Retirement Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013).  The Second Circuit, however, expressly declined to determine whether

17

Rule 15(c) was categorically inapplicable to statutes of repose. *See id.* at 110 n.18 ("[W]e need not address this issue, or whether Rule 15(c) allows 'relation back' of claims otherwise barred by a statute of repose . . . ."). Thus, *Police & Fire* does not advance the Court's analysis of Rule 15(c) very far.

Left to consider the issue as a matter of first instance, district courts have reached conflicting opinions about the application of Rule 15(c) to a statute of repose. *See Acierno v. New Castle County*, No. C.A. 92-385, 2000 WL 718346, at *9 (D. Del. May 23, 2000) ("[T]here is disagreement over whether relation back under Rule 15(c) is permissible when a statute of repose otherwise prevents assertion of the claim.").[5] Some district courts have even applied relation back to a statute of repose without any apparent concern that this use of Rule 15(c) might be improper. *See, e.g.*, *Jenkins v. Novartis Pharm. Corp.*, No. 3:11-cv-342, 2013 WL 1760762, at *3 (E.D.

---

[5]     *Compare Jenkins v. Novartis Pharm. Corp.*, No. 3:11-cv-342, 2013 WL 1760762, at *3 (E.D. Tenn. Apr. 24, 2013) (permitting relation back of statute of repose), *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2001 WL 630965, at *5 (N.D. Ill. May 29, 2001) (same), *Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, 428 (M.D. Ala. 2000) (same), *and In re Sharps Run Assocs., L.P.*, 157 B.R. 766, 784 (D.N.J. 1993) (same), *with Bensinger v. Denbury Res. Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014) (declining to apply relation back to avoid statute of repose), *In re Lehman Bros. Sec. & Erisa Litig.*, 800 F. Supp. 2d 477, 483 & N.27 (S.D.N.Y. 2011) (citing cases concluding that Rule 15(c) does not apply to statute of repose), *and Resolution Tr. Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991).

Tenn. Apr. 24, 2013); *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2001 WL 630965, at *5 (N.D. Ill. May 29, 2001). After careful consideration, the Court concludes that the statute of repose does not prevent relation back in this case.

Starting with the text of Rule 15(c), the rule makes no distinction between statutes of limitations and statutes of repose. The Rule merely states that an "amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As other courts have found, the absence of limiting language within Rule 15(c) indicates that it applies to statutes of limitations and repose alike. *See Chumney*, 196 F.R.D. at 428 ("[T]he language of Federal Rule 15(c) indicates that it applies to both statutes of creation and statutes of limitations . . . ."); *In re Sharps Run Assocs., L.P.*, 157 B.R. at 784 ("We also do not accept the assertion that calling a statute one of repose rather than limitations automatically proscribes relation back. Certainly nothing in the language of either Rule 15(c) or R. 4:9-3 suggests such a rule.").

Furthermore, Defendants' strict interpretation of Rule 15(c) would have anomalous results. Under Defendants' interpretation, an expired statute of repose would preclude *all*

amendments, regardless of the substance of the amendment.  Thus, an amendment that does nothing more than add specificity or clarify a complaint would not relate back.  Similarly, an amendment that removed a cause of action would not relate back to the original complaint.  These results strike the Court as illogical and contrary to Rule 15(c)'s liberal policy of resolving issues on the merits.  *See Acierno*, 2000 WL 718346, at *9 ("The court shall permit the amended complaint to relate back under Rule 15(c)(2) because doing so will further the federal goal of deciding controversies on their merits."); *Chumney*, 196 F.R.D. at 428 (permitting relation back, in part, because "the policy behind Federal Rule 15(c) is not hindered by applying it to statutes of creation").

Lastly, the application of Rule 15(c) in this case does not violate the Rules Enabling Act's prohibition on rules that "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  Rules that "incidentally affect litigants' substantive rights do not violate this provision if reasonably necessary to maintain the integrity of that system of rules." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 5 (1987).  The effect on Defendants' substantive rights appear incidental here, as Relator does little more than clarify and add specificity to his Original Complaint and the substantive right of repose is fairly critiqued as minimal in this case.  *See Shadburne-Vinton v.*

*Dalkon Shield Claimants Trust*, 60 F.3d 1071, 1074 (4th Cir. 1992) (treating statute of repose "the same as statutes of limitations" despite the "substantive" nature of a statute of repose).  Additionally, relation back appears reasonably necessary to promote the "spirit of the Federal Rules of Civil Procedure for decisions on the merits."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus, even if relation back would affect Defendants' substantive rights, that effect would not violate the Rules Enabling Act.

In summary, the Court finds no basis to reconsider its November 12, 2015 holding that the first-to-file bar applies to Relator's current Complaint and would continue to apply to Relator's Amended Complaint.  Therefore, amendment is denied as futile and Relator's case is dismissed without prejudice. Despite that holding, the Court finds it would cause a manifest injustice to leave unresolved the alternative grounds for denying amendment.  Accordingly, the foregoing discussion modifies the Court's November 12 Opinion to clarify that neither prejudice, the statute of limitations, nor the statute of repose defeat Relator's motion to amend.  Therefore, if the first-to-file bar did not to apply, Relator could amend.[6]

---

[6]    Nothing herein should be read to prevent Defendants from motioning to dismiss the Amended Complaint for reasons not inconsistent with this Opinion, should the Fourth Circuit remand with instructions to amend.

**IV. Conclusion**

For the foregoing reasons, the Court will deny

Relator's request for reconsideration.  But, the Court modifies

its November 12 Opinion as described above.  Relator's case

remains dismissed without prejudice.

An appropriate order will issue.


February 17, 2016                    /s/
Alexandria, Virginia          James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE

22