IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES *ex rel.*          )
BENJAMIN CARTER,                 )
                                 )
    Plaintiff,                   )
                                 )
        v.                       )   1:11-cv-602 (JCC/JFA)
                                 )
HALLIBURTON CO.,                 )
*ET AL.*,                        )
                                 )
    Defendants.                  )

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on *qui tam* Relator
Benjamin Carter's motion to supplement the appellate record
pursuant to Federal Rule of Appellate Procedure 10(e).  [Dkt.
141.]  For the following reasons, the Court will deny the
motion.

## I.    Background

The facts and complex procedural history of this case
are described in full in the Court's many memorandum opinions
addressing *qui tam* Relator Benjamin Carter's ("Carter")
allegations that defense contractors submitted false claims to
the Government in violation of the False Claims Act ("FCA"), 31
U.S.C. §§ 3729-3733.  That history is repeated here only to the
extent necessary to resolve the present motion.

1

The Court of Appeals for the Fourth Circuit[1] and the United States Supreme Court[2] remanded Carter's case for this Court to determine how to apply the FCA's first-to-file bar[3] to Carter's timely allegations that Defendants submitted false claims to the Government.  On remand, Defendants moved to dismiss the case with prejudice, arguing that the FCA's first-to-file bar requires dismissal and the statute of limitations and repose would prevent the filing of a new lawsuit.  Carter responded by requesting leave to amend, arguing that by amending his complaint he could avoid the first-to-file bar because no related cases are currently pending.

After careful consideration, the Court concluded that the first-to-file bar would continue to bar Carter's complaint, even if he was granted leave to amend.  *See United States* ex rel. *Carter v. Halliburton Co.*, No. 11-cv-602, 2015 WL 7012542, at *13 (E.D. Va. Nov. 12, 2015) ("[A]n amended complaint does not save a *qui tam* suit that was barred when the relator filed the initial complaint.").  Thus, the Court denied leave to amend

---

[1]    *United States* ex rel. *Carter v. Halliburton*, 612 F. App'x 180, 181 (4th Cir. 2015) (remanding to this Court for "proceedings consistent with the Supreme Court's opinion" that "dismissal with prejudice of respondent's one live claim was not called for under the first-to-file rule.").

[2]    *Kellogg Brown & Root Servs., Inc. v. United States* ex rel. *Carter*, 135 S. Ct. 1970 (2015), *rev'g in part, aff'g in part United States* ex rel. *Carter v. Halliburton Co.*, 710 F.3d 171 (4th Cir. 2013), *rev'g* No. 1:11-cv-602, 2011 WL 6178878 (E.D. Va. Dec. 12, 2011).

[3]    *See* 31 U.S.C. § 3730(b)(5).

as futile and dismissed the case without prejudice.  The Court

declined to reach the issues of whether the statute of

limitations or repose would bar refiling a new case.

Carter then filed a motion to reconsider this Court's

judgment.  The Court denied the motion and reasserted that "the

first-to-file bar applies to Relator's current Complaint and

would continue to apply to Relator's Amended Complaint."  *United

States* ex rel. *Carter v. Halliburton Co.*, No. 1:11-cv-602, 2016

WL 634656, at *7 (E.D. Va. Feb. 17, 2016).  The Court did modify

its prior memorandum opinion, however, so as to clarify that

"neither prejudice, the statute of limitations, nor the statute

of repose" would bar Carter from amending *if* the first-to-file

bar did not apply.[4]  The Court concluded that prejudice does not

preclude amendment, in part, because this case remains far from

resolution on the merits.  *See id.* at *4 ("[T]he present case

has undergone substantial motions practice, but remains far from

---

[4]    By reaching these alternative grounds for denying leave to
amend, this Court was in no way vacillating regarding its
November 12 holding that the first-to-file bar applies to
Relator's initial complaint and would apply to his amended
complaint.  This Court repeatedly reaffirmed that holding in its
February 17 Opinion.  *See Carter*, 2016 WL 634656, at *1 ("[T]he
first-to-file bar continues to make amendment futile."); *id.* at
*2 (concluding that the Court was not persuaded to "reconsider
its judgment that the first-to-file bar renders amendment
futile"); *id.* at *7 ("[T]he Court finds no basis to reconsider
its November 12, 2015 holding that the first-to-file bar applies
to Relator's current Complaint and would continue to apply to
Relator's Amended Complaint.  Therefore, amendment is denied as
futile and Relator's case is dismissed without prejudice.")

mature in terms of resolution.").  Carter appealed the Court's decisions and the Fourth Circuit is awaiting briefing.

Carter now moves to supplement the appellate record to include a report from Defendants' Theater Water Quality Manager for Iraq and Kuwait, Wil Granger ("Granger Report").  (*See* Mem. in Supp. Ex. A [Dkt. 141] at 10-31.)  The report summarizes Granger's "cursory investigation" of Defendants' water treatment practices at Ar Ramadi.  (Ex. A at 13.)  Carter contends that the Granger Report "corroborated" his allegations that Defendants were not complying with their water treatment obligations under the LOGCAP III contract.  (Am. Compl. [Dkt. 111] ¶ 108.)  Carter seeks to rely on the Granger Report to show that Defendants had knowledge of malfeasance when they sought bonuses under the LOGCAP III contract in June and July 2005. (*See* Mem. in Supp. at 6.)

Carter did not file the Granger Report with this Court in any of the post-remand proceedings.  The Court's only awareness of the Granger Report during those proceedings arose from references to the Report in the amended complaint, (Am. Compl. ¶¶ 108-110, 112, 148), and Carter's brief attempt to discuss the Report at oral argument regarding the motion to amend, (*see* Tr. [Dkt. 126] at 15-16).  The Court rebuked Carter's reference to the Granter Report at oral argument by interjecting that "[t]his gets to the merits."  (Tr. at 16.)

4

The issues before the Court at that time, however, were procedural and did not implicate the factual sufficiency of Carter's claims.  Thus, the Court did not rely on the Granger Report and did not mention the Report in either its November 12 Opinion granting the motion to dismiss [Dkt. 124] or the February 17 Opinion denying the motion to reconsider [Dkt. 136].[5]

## II.   Standard of Review

Federal Rule of Appellate Procedure 10(a) defines the record on appeal as "the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district clerk."  Fed. R. App. P. 10(a).  A district court may correct or modify the record if (1) "any difference arises about whether the record truly discloses what occurred in the district court"; or (2) "if anything material to either party is omitted from or misstated in the record by error or accident."  *See* Fed. R. App.

---

[5]   Carter's memorandum in support of this motion states that "a hyperlink [to the Granger Report] was provided for the Court's convenience."  (Mem. in Supp. at 3.)  Carter does not specify when he "provided" this hyperlink (this case has been pending since July 2011) or in what filing the hyperlink appeared.  Neither the Court nor Defendants have located this hyperlink in the filings regarding the motions on remand. (*See* Mem. in Opp'n [Dkt. 143] at 7 ("KBR is unable to identify any place in the record where Carter cited or provided a hyperlink to the document in briefing to this Court relating to either of the orders on appeal.").  Accordingly, the Court gives no credence to Carter's statement that he provided a hyperlink to the Court, as the Court is unaware of the hyperlink and did not utilize that hyperlink to access the Granger Report regarding the motions currently on appeal to the Fourth Circuit.

P. 10(e)(1)-(2); *Himler v. Comprehensive Care Corp.*, 790 F.
Supp. 114, 115 (E.D. Va. 1992).

### III.   Analysis

Carter presents two arguments in support of his motion
to supplement the record pursuant to Rule 10(e).  First, he
argues that the Granger Report should be added to the record to
"accurately reflect what occurred in the district court."  (Mem.
in Supp. at 5-6.)  In the alternative, Carter argues under Rule
10(e)(2) that the Report was omitted from the trial court
proceedings due to "error or accident."  (Mem. in Supp. at 7.)
As described below, neither of those arguments is persuasive.
Thus, the Court will deny the motion to supplement the record.

The clear weight of authority indicates that
ordinarily Rule 10(e) may not be employed to supplement an
appellate record with an exhibit that was not filed in the
district court proceeding leading to the appeal.  *Rohbrough v.
Wyethy Labs., Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990)
(affirming district court's decision not to supplement the
record with documents plaintiff had not filed or "brought to the
attention of the district court"); *Appeal of Reckmeyer*, 809 F.
2d 786 (table), 1987 WL 36174, at *1 (4th Cir. 1987) (stating
that Rule 10(e) is not intended "to introduce new evidence in
the courts of appeals"); *Amr v. Va. State Univ.*, No. 3:07-cv-
628, 2009 WL 1208203, at *2 (E.D. Va. May 4, 2009) ("It is

6

elemental that a district court should properly refuse to supplement the record on appeal with discovery documents that were not filed . . . or brought to the attention of the district court . . . ." (internal quotation and citation omitted); *Thomas v. Lodge No. 2461*, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) ("Our Court also has made clear that 'the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.'" (citation omitted)); *Complaint of Robins Maritime Inc.*, 162 F.R.D. 502, 504 (E.D. Va. 1995) (calling the above rule "well-settled"); 16A Fed. Prac. & Proc. Juris. § 3956.4 (4th ed.) ("[O]rdinarily Rule 10(e) should not be used to insert in the record items that are not properly a part of it—such as materials that were not presented to the district court during the litigation that led to the challenged district-court ruling.")  Carter has not identified a single case in which a court supplements an appellate record with an exhibit that was not filed in the district court.  This Court will not supplement the record with the unfiled Granger Report in this case.

Carter's arguments under the specific provisions of Rule 10(e) are unpersuasive.  Carter first contends that Rule 10(e)(1) allows supplementation when "any difference arises about whether the record truly discloses what occurred in the

district court." Fed. R. App. P. 10(e)(1).  Only a record without the Granger Report could truly disclose what occurred in this Court's proceedings after remand.  As it relates to the Granger Report, what happened in this Court is as follows: Carter did not file the Granger Report as an exhibit; Carter did not otherwise present a physical copy of the Report to this Court; the Court did not view or otherwise read the Report; the Court did not rely on the Report when resolving the post-remand motions; and the Court did not reference the Report in either of its post-remand memorandum opinions.  In other words, the Granger Report was not involved in the post-remand proceedings. Adding the Granger Report to the appellate record would distort the perception of the events precipitating Carter's appeal and frustrate the purpose of Rule 10(e).  *See In re Robbins Maritime*, 162 F.R.D. at 504 (denying motion when "record of what occurred before this court is thus more accurate without the inclusion"); *Thomas*, 348 F. Supp. 2d at 710 ("[T]he purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review."). Accordingly, Rule 10(e)(1) does not justify granting the motion.

Carter's argument under Rule 10(e)(2) is also unpersuasive.  Under that subsection, a court may supplement the record when "anything material to either party is omitted from

or misstated in the record by error or accident."  Rule

10(e)(2).  Carter "asks the Court to consider that the Granger

Report was omitted by error or accident," but includes no

explanation for why a sufficient error or accident exists in

this case.  (Mem. in Supp. at 7.)  Courts have soundly rejected

similar requests to add portions of deposition testimony that a

party "accidently" failed to present to the district court.  *See*

*Amr*, 2009 WL 1208203, at *3 ("[C]ourts have consistently held

that a party's failure to proffer deposition transcripts that

were in existence at the time of the challenged ruling does not

constitute actionable 'error or accident' under Rule 10(e)."

(citing *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d

Cir. 1986); *Jones v. Jackson Nat'l Life Ins. Co.*, 819 F. Supp.

1385, 1387 (W.D. Mich. 1993)).  Carter's failure to present the

Report to this Court requires the same outcome.[6]

        Furthermore, as described above, the Granger Report is

not "material" to the issues currently pending on appeal.  *See*

Fed. R. App. P. 10(e)(2).  Carter relies on the Granger Report

to demonstrate Defendants' knowledge of malfeasance in their

---

[6]     The Court notes that the amended complaint contained four
attachments, "A" through "D."  The amended complaint cites
directly to each of those attachments.  (*See* Am. Comp. ¶¶ 145,
147, 148.)  The paragraphs of the amended complaint that
reference the Granger Report, however, do not contain a citation
to a missing Granger Report exhibit.  (*See* Am. Compl. ¶¶ 108-
110, 112, 148.)  Thus, this is not a case where the complaint
explicitly incorporates a document that was merely left out of
the attached exhibits.

water treatment procedures prior to seeking performance bonuses from the Government.  (*See* Mem. in Supp. at 6.)  As the Court noted during oral argument, that is a merits issue.  None of the motions before this Court after remand related to the sufficiency of the amended complaint to state a claim.  Instead, the Court considered procedural issues regarding the application of the first-to-file bar, prejudice of amendment, and the relation-back doctrine.  For that reason, the Granger Report does not garner a citation or reference in the Court's post-remand memorandum opinions.  The Granger Report may well be relevant to the ultimate success of Carter's case on the merits, but it was not at all material to the issues addressed by this Court's two memorandum opinions.  Accordingly, even if an adequate error or accident did occur, the Granger Report is not sufficiently material to supplement the appellate record.  Accordingly, the Court will deny Carter's motion.

### IV.    Conclusion

For the foregoing reasons, the Court will deny Relator Benjamin Carter's motion to supplement the appellate record.

An appropriate order will issue.

|  | /s/ |
|---|---|
| May 25, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |